[15 NE3d 1199, 992 NYS2d 190]

CHRISTOPHER HAMILTON, Appellant, v JOHN MILLER et al., Respondents.

SHAWN GILES, Also Known as SHAWN ANTHONY COFFEE, Appellant, v A. GI YI et al., Respondents, et al., Defendants.

Argued May 7, 2014; decided June 12, 2014

594

**POINTS OF COUNSEL**

*Athari & Associates, LLC*, Utica (*Mo J. Athari* of counsel), for appellant in the first above-entitled action. I. Judicial notice of 42 USC § 4851 affords the non sui juris plaintiff injured by lead poisoning the necessary rebuttable presumptions. (*Walton v Albany Community Dev. Agency*, 279 AD2d 93; *Adams v Rizzo*, 13 Misc 3d 1235[A], 2006 NY Slip Op 52135[U]; *Robinson v Bartlett*, 95 AD3d 1531; *People v Wesley*, 83 NY2d 417; *Chapman v Silber*, 97 NY2d 9; *Matter of Viemeister*, 179 NY 235; *DeMatteo v DeMatteo*, 194 Misc 2d 640; *Van Wert v Randall*, 100 AD3d 1079; *Matter of William A.*, 13 Misc 3d 367; *Parker v Mobil Oil Corp.*, 7 NY3d 434.) II. Plaintiff was entitled to a protective

order as plaintiff has already made a prima facie case of causation as a matter of law. (*Adams v Rizzo*, 13 Misc 3d 1235[A], 2006 NY Slip Op 52135[U]; *Gayle v City of New York*, 92 NY2d 936; *Robinson v Bartlett*, 95 AD3d 1531; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628; *Parker v Mobil Oil Corp.*, 7 NY3d 434; *Nawrocki v Coastal Corp.*, 45 AD3d 1341; *Walton v Albany Community Dev. Agency*, 279 AD2d 93; *Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337; *Williamsburg Around the Bridge Block Assn. v Giuliani*, 223 AD2d 64; *Rivera v City of New York*, 11 NY2d 856.) III. Plaintiff's particulars were sufficient to place the landlord defendants on notice to properly prepare a defense. (*Graves v County of Albany*, 278 AD2d 578; *Jakubowski v Lengen*, 86 AD2d 398; *Lipin v Bender*, 84 NY2d 562; *Hoenig v Westphal*, 52 NY2d 605; *Diamantstein v Friedman*, 199 AD2d 458; *Dorato v Schilp*, 130 AD2d 348; *Pierson v Yourish*, 122 AD2d 202; *Ciriello v Virgues*, 156 AD2d 417; *Kelly v Tarnowski*, 213 AD2d 1054; *Davidson v Steer/Peanut Gallery*, 277 AD2d 965.)

*Ward Greenberg Heller & Reidy LLP*, Rochester (*Eric J. Ward, Thomas E. Reidy*, and *Joshua M. Agins* of counsel), for Jules Musinger and others, respondents in the first above-entitled action. I. The trial court properly refused to take judicial notice of 42 USC § 4851 as law or fact. (*Pfleuger v Pfleuger*, 304 NY 148; *Hardy v Sicuranza*, 133 AD2d 138; *Sweet v Sheahan*, 235 F3d 80; *Skerritt v Bach*, 23 AD3d 1080; *Brown v Maple3, LLC*, 88 AD3d 224; *Hotel Dorset Co. v Trust for Cultural Resources of City of N.Y.*, 46 NY2d 358; *Bethlehem Steel Corp. v Board of Educ. of City School Dist. of Lackawanna*, 61 AD2d 147; *Hunter v New York, Ontario & W. R.R. Co.*, 116 NY 615; *Butler v Stagecoach Group, PLC*, 72 AD3d 1581; *Sleasman v Sherwood*, 212 AD2d 868.) II. The trial court providently exercised its discretion in granting defendants' motion to compel and preclude under the express provisions of 22 NYCRR 202.17. (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740; *Brady v Ottaway Newspapers*, 63 NY2d 1031; *Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843; *Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952; *Giles v Yi*, 105 AD3d 1313; *Adams v Rizzo*, 13 Misc 3d 1235[A], 2006 NY Slip Op 52135[U]; *Nero v Kendrick*, 100 AD3d 1383; *Marable v Hughes*, 38 AD3d 1344; *Jessica H. v Spagnolo*, 41 AD3d 1261; *Davidson v Steer/Peanut Gallery*, 277 AD2d 965.)

*The Law Offices of Sliwa & Lane*, Buffalo (*Stanley J. Sliwa* of counsel), for John Miller and another, respondents in the first

above-entitled action. I. A court is not required to take judicial notice of a federal statute that contains only legislative fact-findings where the underlying statutory provision is not relevant to any issue in the case. Thus, the trial court did not abuse its discretion as a matter of law in refusing to take judicial notice of such legislation. (*Robinson v Bartlett*, 95 AD3d 1531; *Sleasman v Sherwood*, 212 AD2d 868; *Hunter v New York, Ontario & W. R.R. Co.*, 116 NY 615; *Town of Massena v Niagara Mohawk Power Corp*, 45 NY2d 482; *Majauskas v Majauskas*, 61 NY2d 481; *Brady v Ottaway Newspapers*, 63 NY2d 1031; *Matter of Von Bulow*, 63 NY2d 221; *Patron v Patron*, 40 NY2d 582; *Van Wert v Randall*, 100 AD3d 1079; *Pfleuger v Pfleuger*, 304 NY 148.) II. Special Term did not abuse its discretion in requiring plaintiff to produce reports reflecting only those injuries actually incurred by him and further causally connecting these injuries to exposure to lead-based paint. (*Bates Adv. USA, Inc. v 498 Seventh, LLC*, 7 NY3d 115; *Glenbriar Co. v Lipsman*, 5 NY3d 388; *Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843; *Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740; *Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952; *Brady v Ottaway Newspapers*, 63 NY2d 1031; *Small v Lorillard Tobacco Co.*, 94 NY2d 43; *Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp. of Am.]*, 47 NY2d 914; *Matter of De Zimm v Connelie*, 64 NY2d 860; *Giles v Yi*, 105 AD3d 1313.)

*Athari & Associates, LLC*, Utica (*Mo J. Athari* of counsel), for appellant in the second above-entitled action. I. Neither CPLR 3121 nor 22 NYCRR 202.17 compels plaintiff to produce a "medical report," prove "causation," and amend plaintiff's bill of particulars. (*Graves v County of Albany*, 278 AD2d 578; *Caldwell v Cablevision Sys. Corp.*, 20 NY3d 365; *Jakubowski v Lengen*, 86 AD2d 398; *Lipin v Bender*, 84 NY2d 562; *Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952; *Abbene v Chrysler Corp.*, 112 AD2d 964; *Antonelli v Yale Materials Handling Corp.*, 239 AD2d 951; *D'Amico v Manufacturers Hanover Trust Co.*, 182 AD2d 462; *Hoenig v Westphal*, 52 NY2d 605; *Popick v Jonas*, 112 AD2d 705.) II. The court failed to provide a reasonable basis for invoking CPLR 3103 (a). (*O'Neill v Oakgrove Constr.*, 71 NY2d 521; *Rothstein v City Univ. of N.Y.*, 194 AD2d 533; *Lipin v Bender*, 84 NY2d 562; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222.) III. Even assuming, arguendo, that it cannot be said that the court abused its discretion, at law, in invoking CPLR 3103 (a), there was

sufficient proof in this record to establish causation at law. (*Parker v Mobil Oil Corp.*, 7 NY3d 434; *Gayle v City of New York*, 92 NY2d 936; *Robinson v Bartlett*, 95 AD3d 1531; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628; *Hamilton v Miller*, 106 AD3d 1476; *Walton v Albany Community Dev. Agency*, 279 AD2d 93.)

*Hiscock & Barclay, LLP*, Rochester (*Gary H. Abelson* and *Sanjeev Devabhakthuni* of counsel), for Gerald Breen, respondent in the second above-entitled action. I. The standard of review is whether the trial court abused its discretion. (*Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952; *Marable v Hughes*, 38 AD3d 1344; *MS Partnership v Wal-Mart Stores*, 273 AD2d 858.) II. Supreme Court properly exercised its discretion in granting defendant's motion for an order directing plaintiff to produce medical reports detailing plaintiff's injuries that are causally related to exposure to lead-based paint and to amend his bill of particulars to reflect those injuries prior to an independent medical examination by defendant's expert. (*Marable v Hughes*, 38 AD3d 1344; *MS Partnership v Wal-Mart Stores*, 273 AD2d 858; *Adams v Rizzo*, 13 Misc 3d 1235[A], 2006 NY Slip Op 52135[U]; *Jessica H. v Spagnolo*, 41 AD3d 1261; *Hoenig v Westphal*, 52 NY2d 605; *Greuling v Breakey*, 56 AD2d 540; *Brooks v Hausauer*, 51 AD2d 660; *Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952; *Kelly v Tarnowski*, 213 AD2d 1054; *Ciriello v Virgues*, 156 AD2d 417.) III. The court did not improperly invoke CPLR 3103. (*Finnegan v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership*, 90 AD3d 1676; *Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952.) IV. There is no evidence in the record establishing as a matter of law that plaintiff's alleged injuries were caused by exposure to lead paint nor is that issue before this Court.

*Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, White Plains (*Debra A. Adler* and *William Wingertzahn* of counsel), for A. Gi Yi, respondent in the second above-entitled action. The order of the Fourth Department was properly made. (*Nero v Kendrick*, 100 AD3d 1383; *Adams v Rizzo*, 13 Misc 3d 1235[A], 2006 NY Slip Op 52135[U]; *Breen v Laric Entertainment Corp.*, 2 AD3d 298; *Hamer v City of New York*, 106 AD3d 504; *Marable v Hughes*, 38 AD3d 1344; *Jessica H. v Spagnolo*, 41 AD3d 1261.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

We hold that, in these personal injury actions, it was an abuse of discretion to order plaintiffs to produce, prior to the defense

medical examinations, medical reports detailing a diagnosis of each injury alleged to have been sustained by plaintiffs and causally relating those injuries to plaintiffs' exposure to lead-based paint.

I

*Giles v Yi*

In January 2009, plaintiff Shawn Giles commenced this personal injury action against A. Gi Yi and Gerald Breen, the alleged owners of certain rental units in which he lived as a child. Giles alleges that he was exposed to lead-based paint in those rental units and suffered numerous injuries as a result. Giles's bill of particulars lists 34 injuries, including physical, neurological, and psychological problems.

In July 2011, defendant Breen served medical examination notices under CPLR 3121 and requested "copies of any reports of any physicians who have treated or examined the plaintiff" in advance of the examination. Giles disclosed certain medical and educational records that showed that he had lead poisoning as a young child and that he subsequently had academic problems. These records, however, did not substantiate the 34 alleged injuries, nor did they causally relate the documented problems to lead poisoning.

Defendants Breen and Yi then moved to compel Giles to comply with 22 NYCRR 202.17 (b) (1) and produce medical reports detailing a diagnosis of the injuries allegedly caused by exposure to lead-based paint, or be precluded from introducing proof of these injuries at trial. Without this evidence, they argued, they would be required to pay for multiple medical professionals to examine plaintiff. They requested also that plaintiff be ordered to amend his bill of particulars to reflect those injuries actually sustained. Giles cross-moved for a protective order, arguing that defendants were prematurely requesting expert reports.

Supreme Court granted defendants' motion and denied Giles's motion. It ordered Giles "to produce . . . medical . . . reports of any treating or examining medical service provider detailing a diagnosis of any injuries alleged to have been sustained by the plaintiff . . . and causally relating said injuries to plaintiff's alleged exposure to lead-based paint," and further, to amend his bill of particulars to reflect those injuries actually sustained, or be precluded from offering evidence of those injuries at trial.

The Appellate Division affirmed, holding that "Supreme Court did not abuse its broad discretion in directing plaintiff to produce a medical report containing a diagnosis of the alleged injuries sustained by plaintiff and causally relating such injuries to lead exposure before any CPLR 3121 examinations are conducted" (*Giles v Yi*, 105 AD3d 1313, 1316 [4th Dept 2013]). Justice Whalen dissented. In his view, the majority's holding imposed unnecessary burdens on plaintiff and was akin to forcing him to retain an expert prior to the defense's medical examination, something not required at that stage of the litigation (*id.* at 1319-1321).

The Appellate Division subsequently granted plaintiff leave to appeal and certified the question of whether the order was properly made (107 AD3d 1647 [2013], 2013 NY Slip Op 79247[U] [2013]).

*Hamilton v Miller*

Plaintiff Christopher Hamilton, represented by the same counsel as Giles, commenced a similar personal injury action in July 2009 against John Miller, David Miller,[1] Jules Musinger, Doug Musinger, and Singer Associates, the alleged owners of properties in which Hamilton lived as a child. Hamilton filed a bill of particulars alleging that he suffered 58 injuries from exposure to lead-based paint at defendants' properties. They included physical, psychological, psychiatric, and developmental problems.

During discovery, Hamilton disclosed certain medical and educational records that showed that he had lead poisoning as a young child and that he subsequently had academic, behavior, and speech problems. Just as in *Giles*, however, the records did not substantiate the 58 alleged injuries, nor did they causally relate them to lead poisoning.

Defendants' noticed medical examinations and requested that Hamilton comply with 22 NYCRR 202.17 (b) (1) and provide medical reports from his treating or examining medical service providers diagnosing his injuries and causally relating them to lead-based paint. Hamilton claimed that he was not obligated to provide any further records.

Defendants moved to compel Hamilton to disclose the reports and to amend the bill of particulars to reflect those injuries

---

1. Supreme Court dismissed the complaint as against the Miller defendants during the pendency of this appeal.

actually sustained, or otherwise be precluded from introducing proof of his alleged injuries at trial. Hamilton cross-moved for a protective order under CPLR 3103 and for the court to take judicial notice under CPLR 4511 of a federal statute codifying Congress's findings justifying the Residential Lead-Based Paint Hazard Reduction Act of 1992 (42 USC § 4851).

Supreme Court denied Hamilton's motion and granted defendants' motion, ordering Hamilton to produce medical reports of a treating or examining medical service provider detailing any injuries alleged to have been sustained as a result of defendants' negligence and causally relating them to exposure to lead-based paint. The court further ordered that, should Hamilton fail to produce these records, he would be precluded from introducing proof of his injuries at trial. Finally, the court ordered Hamilton to amend his bill of particulars.

The Appellate Division affirmed (*Hamilton v Miller*, 106 AD3d 1476, 1478 [4th Dept 2013]), granted plaintiff leave to appeal, and certified the question of whether the order was properly made (107 AD3d 1648 [2013], 2013 NY Slip Op 79248[U] [2013]).

## II

CPLR 3121 (a) provides that when a party's mental or physical condition is in issue, any other party may serve on the party whose condition is in controversy notice "to submit to a physical, mental or blood examination by a designated physician." A noticed party then is obligated under 22 NYCRR 202.17 (b) (1) to deliver:

> "copies of the medical reports of those medical providers who have previously treated or examined the party seeking recovery. These shall include a recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those X-ray and technicians reports which will be offered at the trial, including a description of the injuries, a diagnosis and a prognosis."

In most personal injury cases, disclosure under this rule is straightforward. The injured plaintiff goes to the doctor for diagnosis and treatment. The doctor drafts a report. The plaintiff turns over the report to the defendant.

This case is more complicated. Plaintiffs allegedly suffered lead poisoning as children. Now adults, plaintiffs allege that

their childhood exposure to lead caused them numerous injuries. It appears from the dearth of medical evidence in the record that plaintiffs may never have been treated for or diagnosed with many of the alleged injuries. This raises the question of what plaintiffs must disclose in order to comply with rule 202.17 (b) (1).

Plaintiffs argue that the rule requires them to turn over only those reports that currently exist from providers who have "previously treated or examined" them. They argue that they are not required to document or create medical evidence of every alleged injury. To the extent that plaintiffs are arguing that the rule does not obligate them to hire a medical provider to examine them and create a report solely for purposes of the litigations, we agree. Requiring a personal injury plaintiff to hire a medical professional to draft a report purely to satisfy 22 NYCRR 202.17 (b) (1) could make it prohibitively expensive for some plaintiffs to bring legitimate personal injury suits. Some plaintiffs may not be able to afford a medical examination or may not even have access to a doctor. Plaintiffs therefore need only produce reports from medical providers who have "previously treated or examined" them.

To the extent, however, that plaintiffs claim that they need to turn over only those medical reports that currently exist, we disagree. The rule obligates plaintiffs to provide comprehensive reports from their treating and examining medical providers— the reports "*shall* include a recital of the injuries and conditions as to which testimony will be offered at the trial" (22 NYCRR 202.17 [b] [1] [emphasis added]). Plaintiffs therefore cannot avoid disclosure simply because their treating or examining medical providers have not drafted any reports within the meaning of rule 202.17 (b) (1) (*see Ciriello v Virgues*, 156 AD2d 417, 418 [2d Dept 1989] ["(T)he fact that a report never was prepared does not obviate the party's obligation under the rules"]; *Davidson v Steer/Peanut Gallery*, 277 AD2d 965, 965 [4th Dept 2000]; *Pierson v Yourish*, 122 AD2d 202, 203 [2d Dept 1986]). If plaintiffs' medical reports do not contain the information required by the rule, then plaintiffs must have the medical providers draft reports setting forth that information (*see id.*).[2]

---

2. We note that prior to April 17, 1998, rule 202.17 (b) (1), which had required the plaintiff in advance of the examination to serve on all parties reports of physicians who had previously treated or examined the plaintiff, also required the reports to "include a 'detailed recital of the injuries' about which testimony is to be offered at trial, and this was generally construed to

If that is not possible, plaintiffs must seek relief from disclosure and explain why they cannot comply with the rule (*see* 22 NYCRR 202.17 [j]).

■ We conclude therefore that Supreme Court abused its discretion in requiring plaintiffs to provide medical evidence of each alleged injury or otherwise be precluded from offering evidence of that injury at trial. Supreme Court's motivation for granting that relief is understandable. Plaintiffs' counsel filed boilerplate bills of particulars and then did not disclose medical records substantiating the alleged injuries. To that end, plaintiffs should amend their respective bills of particulars to reflect those injuries actually sustained. Nonetheless, although Supreme Court had wide, inherent discretion to manage discovery, foster orderly proceedings, and limit counsel's gamesmanship (*see Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998]), the ordered relief exceeded the court's power.

■ Supreme Court also granted relief beyond that contemplated by 22 NYCRR 202.17 (b) (1) by requiring plaintiffs to produce, prior to the defense examination, a medical report causally relating plaintiffs' injuries to lead paint exposure or be precluded from offering proof of such injuries at trial. The rule requires that the medical reports "include a recital of the injuries and conditions as to which testimony will be offered at the trial, . . . including a description of the injuries, a diagnosis and a prognosis." There is no requirement that medical providers causally relate the injury to the defendant's negligence or, in this case, the lead paint exposure.

If determining causation requires evidence from a medical professional, causation is more appropriately dealt with at the expert discovery phase and pursuant to CPLR 3101 (d). If defendants wish to expedite expert discovery, they can move in Supreme Court for amendment of the scheduling orders. Should

require a narrative report rather than the briefer notations found in . . . insurance and workers' compensation forms" (73 Siegel's Practice Review 1, *Amendment of Rules Dispenses with "Detailed" Recitation of Injuries* [July 1998]). The April 17, 1998 amendment struck out the word "detailed" which, according to a member of the committee that recommended the amendment, would "allow the plaintiff to prosecute his personal injury case from inception through trial without ever obtaining a narrative report *if* his provider form(s) contains the essential information, i.e., a description of the injuries, a diagnosis and a prognosis, and, if X-rays or technicians' reports will be offered at trial, a reference to those reports" (*id.* [emphasis added]; *see* Siegel, NY Prac § 363 [5th ed 2011] [Note: online treatise]).

plaintiffs fail to produce any evidence of causation, then defendants can move for and obtain summary judgment.

## III

■ Supreme Court properly denied plaintiff Hamilton's CPLR 4511 motion to take judicial notice of 42 USC § 4851. That provision contains Congress's findings justifying legislation aimed at reducing lead—findings such as: "at low levels, lead poisoning in children causes intelligence quotient deficiencies, reading and learning disabilities, impaired hearing, reduced attention span, hyperactivity, and behavior problems"; and "the Federal Government must take a leadership role in building the infrastructure—including an informed public, State and local delivery systems, certified inspectors, contractors, and laboratories, trained workers, and available financing and insurance— necessary to ensure that the national goal of eliminating lead-based paint hazards in housing can be achieved as expeditiously as possible" (42 USC § 4851 [2], [8]). Hamilton apparently sought judicial notice of the federal provision in order to avoid having to prove general causation—that lead paint exposure can cause some or all of his alleged injuries.

CPLR 4511 allows a court to take notice of federal and foreign state law, not facts, that is relevant to a proceeding (CPLR 4511; *Pfleuger v Pfleuger*, 304 NY 148, 151 [1952]). The congressional findings in support of legislation seeking to reduce amounts of lead in homes, though codified in a federal statute, are not "law" that is relevant to Hamilton's case. Taking judicial notice of them under CPLR 4511 would be inappropriate.

What Hamilton really wanted was to have Supreme Court take judicial notice of the *fact* that exposure to lead paint can cause injury. "To be sure, a court may take judicial notice of facts which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy" (*People v Jones*, 73 NY2d 427, 431 [1989] [internal quotation marks omitted]). But general causation, at least in scientifically complex cases, is not such a fact. Hamilton needs to prove, through scientific evidence, that exposure to lead-based paint can cause the injuries of which he complains (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 448 [2006]). He cannot avoid that burden simply because Congress, in statutory preambles, has opined on the dangers of lead-based paint.

Accordingly, in each case, the order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed, and the certified question answered in the negative.

Judges GRAFFEO, READ, PIGOTT, RIVERA and ABDUS-SALAAM concur with Chief Judge LIPPMAN; Judge SMITH dissents and votes to affirm for the reasons stated in the memorandum of the Appellate Division (106 AD3d 1476 [2013]).

In *Hamilton v Miller*: Order modified, without costs, by remitting to Supreme Court, Monroe County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed, and certified question answered in the negative.

Judges GRAFFEO, READ, PIGOTT, RIVERA and ABDUS-SALAAM concur with Chief Judge LIPPMAN; Judge SMITH dissents and votes to affirm for the reasons stated in the memorandum of the Appellate Division (105 AD3d 1313 [2013]).

In *Giles v Yi*: Order modified, without costs, by remitting to Supreme Court, Monroe County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed, and certified question answered in the negative.