OPINION OF THE COURT
Joan B. Lefkowitz, J.
Motion by plaintiff Rochelle Colindres, as limited by the affirmation in support, for: (1) a protective order, pursuant to CPLR 3103 (a), denying defendants’ demand for a medical report, as defined by Uniform Rules for Trial Courts (22 NYCRR) § 202.17 (b), from Diane Henry, plaintiff’s former treating psychologist; (2) an order, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.17 (j), relieving plaintiff from compliance with section 202.17 (b) (1) of the Uniform Rules for Trial Courts (22 NYCRR) with respect to a report from Diane Henry; and (3) for such other and further relief as this court deems just and proper under the circumstances. This motion is determined as follows:
Factual and Procedural Background
In this action, plaintiff seeks to recover damages she allegedly sustained as the result of the actions of defendant Mario Carpenito, Jr., a parking enforcement officer for defendant City of White Plains, also sued herein as defendant White Plains Parking Department (hereinafter collectively defendant City). Plaintiff alleges, inter alia, that after issuing a parking citation to plaintiff, defendant Carpenito propositioned her and advised her that he would get rid of the parking violation and other tickets, give her an allowance, and pay for repairs to her motor vehicle in exchange for sexual favors. Plaintiff alleges that defendant Carpenito’s statements caused her to suffer severe emotional distress, mental trauma, and anguish.
By demand dated October 15, 2015, defendant Carpenito demanded narrative reports of all physicians, specialists, psychiatrists, psychologists, social workers and other medical personnel whom plaintiff may call as a witness. By response dated January 11, 2016, plaintiff responded that she was not presently in possession of any narrative reports.
Plaintiff’s deposition and independent medical examination (hereinafter IME) by Dr. Barbara Baer, Ph.D., the psychologist designated by defendants, took place in August and October 2016, respectively. In her report, Dr. Baer noted she reviewed, *858 among other items, plaintiffs medical records. Plaintiff failed to exchange a report from her treating psychologist, Diane Henry, prior to plaintiffs IME.
Thereafter, at a compliance conference held on November 9, 2016, the issue of plaintiffs failure to exchange medical reports from plaintiffs treating physicians was raised. The issue was further discussed at compliance conferences held on November 30, 2016 and December 19, 2016. To date, plaintiff has not exchanged a report from Ms. Henry, her treating psychologist.
Plaintiffs Contentions in Support of a Protective Order
Plaintiff now seeks a protective order as to defendants’ demands for a medical report from her former treating psychologist, Diane Henry. Plaintiff contends that section 202.17 (b) of the Uniform Rules for Trial Courts (22 NYCRR), which requires the exchange of medical reports, applies “predominantly to toxic tort cases, [and] is intended to provide a defendant’s examining medical physician with a ‘recital’ of the injuries and conditions alleged, so that a fair and proper medical examination of the injuries alleged may be conducted” (affirmation in support at 8). Accordingly, plaintiff argues that defendants waived their entitlement to any medical report pursuant to section 202.17 (b) (1) insofar as plaintiff’s deposition and independent medical examination have already taken place and the issue is moot.
Plaintiff further argues that since her examinations have been completed, defendants are now seeking an opinion on causation and prematurely seeking the medical report as part of expert disclosure pursuant to CPLR 3101 (d). Plaintiff notes that defendants have her medical records, including psychological treatment records, and have already conducted a 50-h examination, as well as a deposition and IME. Plaintiff, therefore, argues that defendants cannot now argue that they were, or are, unclear as to plaintiff’s injury claims.
Alternatively, plaintiff seeks an order pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.17 (j) relieving plaintiff from compliance with section 202.17 (b) (1) of the Uniform Rules for Trial Courts (22 NYCRR). Plaintiff asserts that since Diane Henry ended plaintiff’s treatment in July 2016 due to plaintiff’s attendance issues, it would be an undue hardship for plaintiff to now seek the “assistance of Ms. Henry in this matter” (id. at 11). Plaintiff, therefore, requests that this court deem the medical report requirement satisfied by *859 the exchange of plaintiff’s medical records reflecting her treatment with Ms. Henry.
Defendant Carpenito’s Opposition
Defendant Carpenito opposes plaintiff’s motion and contends that reports from plaintiff’s treating medical providers need to be exchanged by plaintiff. Defendant Carpenito asserts that the medical records previously exchanged by plaintiff demonstrate that plaintiff has undergone numerous traumatic events in her life, both prior to and subsequent to the incident at issue. Therefore, defendant Carpenito argues that it is not clear what injuries plaintiff will claim she sustained as a result of the subject incident. Defendant Carpenito further argues that defendants should not have to sift through 220 pages of medical records to ascertain what diagnoses or prognoses plaintiff’s testifying physicians may testify to at trial. Also, defendant Carpenito argues that defense counsel will have to wait until testimony is given at trial before learning what injuries plaintiff’s treating healthcare providers diagnose as being caused by the subject incident and their prognosis, thus making it impossible to prepare for cross-examination or understand the proof defendants will be facing should the testimony of plaintiff’s treating healthcare providers be offered.
Additionally, defendant Carpenito asserts that plaintiff’s deposition testimony and testimony at the 50-h hearing does not clarify the injuries she is claiming were caused by the subject incident. Although plaintiff testified that she is unable to trust older men or any kind of authority as a result of the subject incident, defendant Carpenito notes that plaintiff also testified that she had to leave college because she lost the financial support of her father, had been physically and mentally abused by her father, and had been sexually harassed by her former employer. Defendant Carpenito also argues that since plaintiff testified that she had undergone years of psychological treatment prior to the subject incident, it is unclear whether plaintiff’s treating psychologist or psychiatrist will relate plaintiff’s various mental disorders as having occurred as a result of the subject incident or other incidents in plaintiff’s life.
Defendant Carpenito asserts that if plaintiff fails to provide the medical reports, the rule requires that any attempts to offer testimony from a treating healthcare provider must be denied. Moreover, defendant Carpenito contends that if settle *860 ment negotiations are to be conducted, the parties should provide each other with as much information as the law requires to promote negotiations.
Defendant City’s Opposition
Defendant City opposes the motion. Defendant City contends that it is entitled to a report from plaintiffs treating medical providers detailing plaintiffs alleged injuries as required by section 202.17 (b) (1) of the Uniform Rules for Trial Courts (22 NYCRR), the so-ordered preliminary conference stipulation, and defendant City’s October 5, 2015 demand.
Defendant City specifically asserts that plaintiff agreed in the preliminary conference stipulation to produce any reports of treating physicians prior to the IME. Therefore, defendant City contends that plaintiff had notice of her obligation to produce the reports.
Moreover, defendant City asserts that section 202.17 (b) (1) obligates a plaintiff to produce reports from their treating and examining medical providers, which shall include a recital of the injuries and conditions as to which testimony will be offered at trial. Defendant City contends that if the medical records do not include the information required by the rule, plaintiff must have the treating provider draft a report which complies with section 202.17 (b) (1), or seek relief from disclosure explaining why they cannot comply with the rule. Defendant City further argues that the fact that Ms. Henry, plaintiff’s treating psychologist, has not drafted such a report does not allow plaintiff to avoid producing such a report, and asserts that the medical records exchanged do not contain a specific description of the injuries which allegedly occurred as a result of defendants’ actions, nor a diagnosis or prognosis. Defendant City notes that plaintiff was treated by Ms. Henry for years prior to the subject incident. Defendant City also asserts that the medical records exchanged did not provide a clear picture of the injuries alleged in this present action since plaintiff experienced a “myriad of unfortunate and traumatizing circumstances and events . . . and habitual prescription and recreational drug use” (mem of law in opp at 8).
Defendant City argues that it did not waive its entitlement to reports from plaintiff’s treating medical providers insofar as it demanded the reports from plaintiff and plaintiff has a continuing obligation to disclose documents as they come into her possession. Defendant City further argues that plaintiff *861 should not be allowed to benefit from her noncompliance by claiming defendant City waived its right to the discovery.
Additionally, defendant City asserts that its request for a report from plaintiff’s treating and examining medical providers is not a premature request for expert discovery, nor a request for information regarding causation.
Further, defendant City asserts that this court should not deem the medical records exchanged as a “report” complying with section 202.17 (b) (1) since plaintiff has not provided a reasonable explanation for her noncompliance and merely argues that asking Ms. Henry to create a report would be burdensome since she is no longer treated by Ms. Henry. Defendant City again asserts that the fact that the report does not yet exist does not obviate plaintiff’s obligation to provide a report to defendants. Defendant City also asserts that the medical records received from Ms. Henry, which cover years of treatment of plaintiff prior to the subject incident, do not contain a specific description of the injuries alleged to have occurred as a result of defendants’ actions, nor an official diagnosis or prognosis.
Accordingly, defendant City contends that plaintiff’s motion should be denied, and plaintiff should be ordered to produce those reports or be precluded from introducing any evidence at trial regarding her alleged injuries.
Analysis
CPLR 3101 (a) requires “full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” The phrase “material and necessary” is “to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Foster v Herbert Slepoy. Corp., 74 AD3d 1139 [2d Dept 2010]). The court has broad discretion to supervise discovery and to determine whether information sought is material and necessary in light of the issues in the matter (Mironer v City of New York, 79 AD3d 1106, 1108 [2d Dept 2010]; Auerbach v Klein, 30 AD3d 451, 452 [2d Dept 2006]). CPLR 3103 (a), however, provides the court may issue a protective order “denying, limiting, conditioning or regulating the use of any disclosure device” to “prevent unreasonable annoyance, *862 expense, embarrassment, disadvantage, or other prejudice to any person or the courts.”
Section 202.17 (b) (1) of the Uniform Rules for Trial Courts (22 NYCRR) obligates a party, who has been served with a notice for a physical examination, to provide, at least 20 days prior to the examination or other date directed by the court, reports from their treating and examining medical providers, which shall (1) include a recital of injuries and conditions as to which testimony will be offered at trial, and (2) set forth a description of the injuries, a diagnosis and a prognosis. Contrary to plaintiff’s contention, the rule does not apply “predominantly” to toxic tort actions, but instead applies to all personal injury and wrongful death actions as noted in the title of the rule, to wit, “Exchange of medical reports in personal injury and wrongful death actions.”
It is undisputed that plaintiff failed to provide a report from her treating psychologist, Ms. Henry, either prior to or subsequent to her IME by defendants’ designated psychologist. The fact that a treating or examining medical provider, such as here, has not drafted a report does not obviate a plaintiff’s obligation to provide such a report under the rules (Hamilton v Miller, 23 NY3d 592, 601 [2014]; Ciriello v Virgues, 156 AD2d 417, 418 [2d Dept 1989]). Notably, even where a plaintiff has exchanged reports from treating medical providers, plaintiff is obligated to have the treating medical providers draft additional reports where the initial reports do not set forth the information required by the rule (Hamilton v Miller, 23 NY3d at 601).
Additionally, although the rule provides that the required medical reports may “consist of completed medical provider . . . forms that provide the information required by this paragraph,” plaintiff has failed to argue that any such form is contained in the medical records exchanged by plaintiff (Uniform Rules for Trial Cts [22 NYCRR] § 202.17 [b] [1]). Moreover, this court’s in camera review of the medical records pertaining to Ms. Henry’s treatment of plaintiff did not reveal any form which sets forth the information required by the rule. Additionally, this court, upon its in camera review of the medical records, determines that the medical records do not contain the information required by section 202.17 (b) (1) and cannot be deemed to be medical reports as defined by the rule.
Contrary to plaintiff’s contention, the fact that defendants conducted plaintiff’s psychological IME without first receiving *863 a report from plaintiffs treating psychologist did not waive defendants’ entitlement to a medical report from plaintiff’s treating psychologist. Unlike other items of discovery which must be affirmatively sought by a party, the exchange of medical reports in a personal injury action, including reports of a plaintiff’s treating medical providers, is required, without demand, by section 202.17 of the Uniform Rules for Trial Courts (22 NYCRR). With respect to the reports of a plaintiff’s treating medical providers, a plaintiff’s obligation under the rule to exchange such reports is triggered when plaintiff is served with a notice fixing the time and place of a physical examination. As held in Scannapieco v New York City Tr. Auth. (200 AD2d 410, 413 [1994]), a defendant’s entitlement to the exchange of medical reports under section 202.17 of the Uniform Rules for Trial Courts (22 NYCRR) is not waived, unlike a defendant’s entitlement to a bill of particulars and other demanded items of discovery. In any event, here, plaintiff affirmatively agreed in the preliminary conference stipulation, which was so-ordered by this court, to exchange the medical reports of physicians who treated or examined plaintiff. Accordingly, plaintiff has a continuing obligation to exchange the report of her treating psychologist, Ms. Henry, despite the fact that the IME by defendants’ designated psychologist has already taken place.
Moreover, although section 202.17 (j) of the Uniform Rules for Trial Courts (22 NYCRR) provides that a party may seek to be relieved from compliance with the rule, and case law has held a plaintiff may seek relief from the rule where it is impossible to obtain a report from a treating or examining medical provider (Hamilton v Miller, 23 NY3d at 602), plaintiff has not demonstrated her entitlement to such relief. Notably, plaintiff has not argued, nor demonstrated, that it is impossible to obtain a report from Ms. Henry. The fact that it may be awkward to seek a report from Ms. Henry since she terminated plaintiff’s treatment due to plaintiff’s failure to keep appointments, does not render it impossible to obtain such a report from Ms. Henry.
Moreover, this court, after an in camera review of the pertinent medical records regarding Ms. Henry’s treatment of plaintiff, which spanned a number of years prior to the subject incident, cannot agree with plaintiff that the medical records contain all the information required by section 202.17 (b) (1). Although the medical records contain descriptions of plaintiff’s *864 psychological conditions and contain certain diagnoses, the medical records do not attribute plaintiff’s conditions specifically to the subject incident or to other events in plaintiff’s life. Accordingly, it is unclear from the medical records as to the injuries and/or conditions which plaintiff is alleging resulted from the subject incident. In any event, plaintiff failed to provide this court with any authority in support of the proposition that this court has the discretion to deem exchanged medical records to be a “report” as defined in the rule.
This court finds plaintiff’s remaining contentions to be without merit and unpersuasive.
In view of the foregoing, it is ordered that the branch of plaintiff’s motion seeking a protective order regarding defendants’ demand for a medical report from Diane Henry, plaintiff’s former treating psychologist, as defined by section 202.17 (b) (1) of the Uniform Rules for Trial Courts (22 NYCRR), is denied; and it is further ordered that the branch of plaintiff’s motion, pursuant to section 202.17 (j) of the Uniform Rules for Trial Courts (22 NYCRR), seeking an order relieving plaintiff from compliance with section 202.17 (b) of the Uniform Rules for Trial Courts (22 NYCRR) is also denied; and it is further ordered that, on or before March 27, 2017, plaintiff shall exchange a report of Diane Henry, plaintiff’s former treating psychologist, which shall comply with section 202.17 (b) (1) of the Uniform Rules for Trial Courts (22 NYCRR) and include (1) a recital of plaintiff’s injuries and conditions as to which testimony will be offered at trial, and (2) a description of plaintiff’s alleged injuries, a diagnosis, and a prognosis.