Deutsche Bank Natl. Trust Co. v Sewdial (2019 NY Slip Op 04357)





Deutsche Bank Natl. Trust Co. v Sewdial


2019 NY Slip Op 04357


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-05171
 (Index No. 17772/13)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Miawatte Sewdial, et al., defendants, Gleen Rock, Inc., respondent.


Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Riyaz G. Bhimani of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Aveet Basnyat and Steven Alexander Biolsi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered December 8, 2016. The order granted the motion of the defendant Gleen Rock, Inc., pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that order is reversed, on the law, with costs, and the motion of the defendant Gleen Rock, Inc., pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred is denied.
In this action to foreclose a mortgage, the defendant Gleen Rock, Inc. (hereinafter the defendant), moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. The Supreme Court granted the motion, and the plaintiff appeals.
Contrary to the defendant's contention, the plaintiff timely commenced this action on September 23, 2013. An action to foreclose a mortgage on real property is subject to a six-year statute of limitations (see CPLR 213[4]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068). It is undisputed that the limitations period in this case began to run on September 21, 2007. Although six years from that date is September 21, 2013, we take judicial notice of the fact that September 21, 2013, was a Saturday (see generally Hamilton v Miller, 23 NY3d 592, 603). Thus, pursuant to General Construction Law § 25-a(1), the plaintiff had until Monday, September 23, 2013, to commence this action (see Cardamone v Ricotta, 47 AD3d 659, 660).
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court