Katz v Camp Bnoseinu (2020 NY Slip Op 01912)





Katz v Camp Bnoseinu


2020 NY Slip Op 01912


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-12375
 (Index No. 12012/12)

[*1]Fradie Katz, appellant, 
v
Camp Bnoseinu, etc., respondent.


Herschel Kulefsky (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York, NY (Andrew C. Orr and Allison A. Snyder of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 25, 2018. The order, insofar as appealed from, upon reargument, adhered to the determination in an order of the same court dated November 16, 2017, denying that branch of the plaintiff's motion which was pursuant to CPLR 3104(d) to review so much of an order of the same court (Martin Schneier, J.H.O.) dated September 5, 2017, as denied that branch of the plaintiff's motion which was to compel the defendant to produce certain notes and records of the physician who conducted an independent medical examination of the plaintiff.
ORDERED that the order dated July 25, 2018, is affirmed insofar as appealed from, with costs.
On July 27, 2010, the plaintiff allegedly was injured when she tripped and fell over a duffle bag at the defendant's summer camp. In 2012, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The plaintiff served a notice for discovery and inspection on the defendant seeking, inter alia, the notes and records created by the physician who conducted an independent medical examination of the plaintiff on behalf of the defendant. In June 2017, the plaintiff moved, inter alia, to compel the defendant to produce the notes and records created by the defendant's examining physician at or during the plaintiff's examination. By order dated September 5, 2017, a judicial hearing officer, inter alia, denied that branch of the plaintiff's motion which was to compel the production of the notes and records of the examining physician. By notice of motion dated September 8, 2017, the plaintiff moved pursuant to CPLR 3104(d) to review that order. By order dated November 16, 2017, the Supreme Court, denied the plaintiff's motion pursuant to CPLR 3104(d). By notice of motion dated January 5, 2018, the plaintiff moved for leave to reargue her prior motion pursuant to CPLR 3104(d). By order dated July 25, 2018, the court granted leave to reargue and, upon reargument, inter alia, adhered to its determination denying that branch of the plaintiff's prior motion which was to review the judicial hearing officer's denial of that branch of the plaintiff's motion which was to compel the defendant to produce the notes and records of its examining physician. The plaintiff appeals.
We agree with the Supreme Court's determination, upon reargument, to adhere to its [*2]prior determination denying review of the denial of that branch of the plaintiff's motion which was to compel the defendant to produce the notes and records of the defendant's examining physician. It is undisputed that the defendant provided the plaintiff with a copy of its examining physician's medical report (see CPLR 3101[d][1][i], 3121[b]; 22 NYCRR 202.17[c]; Hamilton v Miller, 23 NY3d 592, 602; Hoenig v Westphal, 52 NY2d 605, 609; Martinez v KSM Holding, 294 AD2d 111). Contrary to the plaintiff's contention, the notes and records created by the defendant's examining physician were not discoverable because they were privileged as material prepared for litigation, and the plaintiff failed to demonstrate that she had a substantial need for the material or that she was unable, without undue hardship, to obtain the substantial equivalent of the material by other means (see CPLR 3101[d][2]; Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 732; Martinez v KSM Holding, 294 AD2d 111; Barrowman v Niagara Mohawk Power Corp., 252 AD2d 946; Marziano v City of Yonkers, 105 AD2d 832).
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court