■ PAUL SCANNAPIECO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [606 NYS2d 614] —Judgment of the Supreme Court, New York County (Irad Ingraham, J.), entered May 27, 1992, which, after jury trial, found in favor of the plaintiff against the defendant in the amount of $21,975.00, unanimously reversed, on the law, and the complaint dismissed, without costs.

Plaintiff, with a history of anorexia nervosa was assaulted while exiting the Lexington Avenue subway station at Bleeker Street. Plaintiff was allegedly knocked to the ground but no proof of actual physical injury was established. Transit police officers who were stationed nearby assisted the plaintiff and apprehended the perpetrator, but refused to make an arrest, stating that they "didn't see nothing."

Plaintiff, who was "sick to begin with" (apparently due to his frail physical condition arising out of his eating disorder), immediately got into a cab. There was no testimony that he requested further assistance from the officers. The cab driver took plaintiff to a pizzeria and plaintiff remained there from approximately 2:50 P.M. until 4:12 P.M., while he attempted unsuccessfully to call for assistance. At 4:12 P.M., transit police officers arrived to transport plaintiff to a hospital. However, when they received a radio report of shots fired on a train, they detoured, with plaintiff in the patrol car, into Brooklyn. They arrived at St. Vincent's Hospital approximately one hour after they first picked up the plaintiff. Plaintiff was treated at the emergency room and released five hours later.

After this action was begun, defendants' demands for a bill of particulars and demands for names of witnesses, medical reports, medical authorizations, and photographs were never complied with by the plaintiff, nor were the statements of any medical witnesses supplied at any time.

At the trial, the court permitted plaintiff to testify as to the events and his claims, but otherwise granted defendants' trial motion to preclude. The court specifically denied plaintiff's motion to allow the testimony of an expert psychiatrist with respect to whom plaintiff had failed to exchange medical reports. The court did allow plaintiff to testify as to his medical expenses.

Plaintiff testified in his own behalf at trial. He asserted that as a result of his experience, his anorexic condition worsened. He claimed medical expenses of approximately $20,000, 75% of which had been paid by medical insurance.

After presenting his own testimony, plaintiff succeeded in persuading the court to admit into evidence, as an admission by a party, a letter to plaintiff from the Transit Authority stating that, "[I]t has been determined that the officers failed to follow the prescribed departmental procedure. Appropriate disciplinary action will be instituted." Plaintiff then rested. Defendants' motion to dismiss was denied. Defendants then presented the testimony of one of the officers who transported plaintiff to the hospital, and who had no independent recollection of the event.

The court submitted the case to the jury on the theory that the defendants had undertaken to transport the plaintiff to the hospital, and could be held liable for doing so negligently. The jury found defendants negligent, and awarded $2,500 for

past pain and suffering, $4,500 for lost wages, and $14,000 for medical expenses.

The only basis for the present action is the one hour delay in transporting plaintiff to the hospital. By agreeing to transport plaintiff to the hospital, the defendants assumed a duty to do so in a reasonable manner. The burden fell on plaintiff to demonstrate that defendants were negligent, and that their negligence was a proximate cause of his injuries.

The letter admitted into evidence did not establish negligence. It merely stated that "officers" (without specifying whether these were the ones originally responding or the ones who drove plaintiff to the hospital) violated procedures. Absent any indication of the "procedure[s]" which were violated, the letter cannot serve as any proof of negligence.

However, the fact that the officers drove plaintiff into Brooklyn, when he had entered the patrol car for the sole purpose of reaching a hospital, raised a jury question as to the issue of negligence. It is true that plaintiff did not establish, by competent medical proof, an urgent need for medical treatment, nor any exacerbation of physical injury which resulted from the delay in transporting him to the hospital. Yet plaintiff's testimony suggested that he was in pain and in fear for his well-being. A plaintiff need not establish physical injury in order to recover damages; purely mental injuries are compensable (Battalla v State of New York, 10 NY2d 237).

Although the issue of negligence raised a jury question, plaintiff did not establish that defendants' alleged negligence was the proximate cause of psychological injury to him. There was no expert testimony on this point due to the order of preclusion. The jury was thus left to speculate that a one-hour delay in transporting plaintiff to the hospital, which was not shown to have resulted in physical injury, and where plaintiff himself had already spent a substantial amount of time in a pizzeria, resulted in mental injuries. Even had the order of preclusion not been granted due to plaintiff's failure to serve a medical report, and even if expert testimony had been adduced on this point, it is difficult to discern in what way the failure to immediately transport the plaintiff to the hospital could have resulted in legally cognizable injury to him. The fact that plaintiff himself did not initially request transport to the hospital, or that he himself delayed over one hour in summoning assistance, indicates both a lack of urgency in securing treatment, as well as the unlikelihood that an additional hour's delay caused any injury to plaintiff. While plain-

tiff did at times assert that he was "dying", this characterization finds no support in any testimony by plaintiff as to his physical or mental condition at the time. In short, absent expert testimony, the jury could not find that the mere delay, as opposed to the assault and its sequellae, for which defendants were not liable, was the cause of his condition. Assuming a level of anxiety on plaintiff's part sufficient to result in prolonged mental disturbances for years to come, plaintiff has not demonstrated in what manner that level of anxiety was due to defendants' conduct, as distinguished from the assault itself, the refusal to arrest the perpetrator, or the delay in reaching the hospital resulting from plaintiff's own conscious decisions.

Even if the trial court erred, and defendants should have been held to have waived discovery as to the bill of particulars and other items demanded, plaintiff's default in exchanging medical reports would remain. Plaintiff sought to call to the stand a psychiatrist who had treated plaintiff for approximately one year before trial, and who was apparently prepared to testify on the issue of causation. Preclusion is an appropriate remedy for violation of the rules regarding exchange of medical information, especially where, as here, the proferred evidence would result in surprise (22 NYCRR 202.17 [h]; *Jurgen v Linesburgh,* 159 AD2d 689, 690-691). Concur— Carro, J. P., Wallach, Asch and Nardelli, JJ.