M.A. v Spring (2023 NY Slip Op 05663)

M.A. v Spring

2023 NY Slip Op 05663

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 30126/18 Appeal No. 989 Case No. 2023-01899 

[*1]M.A., an Infant by her Mother and Natural Guardian Abena Osei et al., Plaintiffs-Appellants,
v
Robert B. Spring et al. Defendants-Respondents.

The Frankel Law Firm, New York (Reuven S. Frankel of counsel), for appellants.
Wood Smith Henning & Berman, LLP, New York (Bolam Kim of counsel), for respondents.

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about April 13, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' cross-motion pursuant to CPLR 3126 and 3124 to the extent that it directed plaintiffs to exchange their expert neuropsychologist expert's raw testing data used in generating her expert report, unanimously affirmed, without costs.
In this action alleging childhood lead poisoning, the parties each retained a psychologist to perform a neuropsychological evaluation of the infant and generate an expert report for litigation purposes. The motion court providently exercised its discretion in requiring an exchange between plaintiffs and defendants' experts of the underlying raw testing data used for these expert reports.
Notably, here, plaintiffs do not only seek their statements made during defendants' expert's evaluation but all the expert's raw data (see Sands v News Am. Publ. , 161 AD2d 30, 40 [1st Dept 1990]). Under these circumstances, the motion court properly concluded that defendants would be disadvantaged and prejudiced at trial if only plaintiffs obtained defendants' raw testing data since plaintiffs' and defendants stand on equal footing, i.e. , both sides performed an evaluation of the infant plaintiff (compare Martinez v KSM Holding , 294 AD2d 111 [1st Dept 2002]).
We find plaintiffs' remaining arguments unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023