**Aull v New York City Tr. Auth.**

2024 NY Slip Op 32472(U)

July 22, 2024

Supreme Court, New York County

Docket Number: Index No. 160557/2016

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. RICHARD TSAI**

*Justice*

PART 21

------------------------------------------------------------------------------X

LISA ANN AULL,

Plaintiff,

- v -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, MTA
BUS COMPANY and JOHN DOE (NAME BEING
FICTITIOUS AND INTENDED TO BE THE OPERATOR OF
THE SUBJECT BUS),

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160557/2016 |
| MOTION DATE | 12/21/2023 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 76-105

were read on this motion for _____ DISCOVERY _____ .

In this action for personal injuries allegedly arising out of a sudden stop of a bus, plaintiff moves to strike defendants' answer, because they failed to provide the discovery directed at a post-note of issue court appearance on October 10, 2023.

Defendants oppose plaintiff's motion cross-move for an order precluding plaintiff from offering testimony on the issue of damages, an order striking the note of issue, and an order compelling plaintiff to appear for further EBTs and IMEs. Plaintiff opposes defendants' cross motion.

## BACKGROUND

In this action, plaintiff alleges that, on June 29, 2016, plaintiff was a passenger on a bus owned and operated by defendants, and she was injured when the bus came to an abrupt stop at the intersection of 23rd Street and 1st Avenue.

Plaintiff allegedly suffered a traumatic brain injury with cognitive deficits, and injuries to her cervical, thoracic, and lumbar spine, among other injuries (*see* defendants' Exhibit E, bill of particulars ¶ 10 [NYSCEF Doc. No. 92]). It is undisputed that plaintiff was examined by defendants' neuropsychologist to assess, among other things, any cognitive impairment resulting from the alleged traumatic brain injury.

On August 22, 2019, plaintiff filed the note of issue and certified that all discovery was completed, including "physical examinations completed" and "medical reports exchanged" (NYSCEF Doc. No. 54), but it is undisputed that defendants had not

160557/2016 AULL, LISA ANN vs. NEW YORK CITY TRANSIT
Motion No. 004

Page 1 of 6

1 of 6

exchanged their medical reports. Neither did defendants move to vacate the note of issue.

According to defendants' counsel, an ISO Claims search revealed that plaintiff was involved in other accidents which allegedly occurred in 2007, 2015, 2017, and 2018 (i.e., before and after the date of the incident in this case) where plaintiff allegedly injured the same body parts (affirmation of defendants' counsel ¶ 11). On July 26, 2021—almost two years after plaintiff had filed the note of issue, defendants' counsel sent a Supplemental Demand for Discovery for authorizations and document demands for those other incidents (*see* defendants' Exhibit H [NYSCEF No. 95]).

Meanwhile, according to plaintiff's counsel, plaintiff appeared for IMEs on June 21, 2022 with Dr. Krellman and on September 22, 2022 with Dr. Weitzner (affirmation of plaintiff's counsel ¶ 6).

According to the Supreme Court's records, an appearance was scheduled in Part 40 on October 10, 2023 at 2:30 p.m., which was adjourned to February 22, 2024.

Meanwhile, on November 2, 2023, plaintiff's counsel wrote a letter to defendants' counsel, stating:

"As you are aware, on October 10, 2023, Judge Adam Silvera directed you to provide my office with your IME reports, a Discovery Demand requesting any medical authorizations that you believe that you are entitled to, and the ISO report that your demand is based upon.

Furthermore, we are entitled to the raw data obtained by the neuropsychologist, so kindly include that in your exchange. In this regard, enclosed please find a copy of Plaintiff's Demand for Discovery and Inspection dated November 2, 2023" (NYSCEF Doc. No. 72).

On or about November 15, 2023, defendants' counsel served a demand for discovery and inspection, dated November 15, 2023, which demanded, among other things, authorizations from a list of providers (*see* defendants' Exhibit H [NYSCEF Doc. No. 95]). On February 9, 2024, plaintiff served a response which purportedly provided the authorizations and responded to defendants' demands (*see* plaintiff's Exhibit A to affirmation of plaintiff's counsel in opposition to cross motion and in further support of motion [NYSCEF Doc. No. 99]).

Plaintiff now moves to strike defendants' answer because defendants failed to provide the discovery directed on October 10, 2023. Defendants cross-moved for an order precluding plaintiff from offering testimony on the issue of damages, an order striking the note of issue, and an order compelling plaintiff to appear for further EBTs and IMEs.

On July 11, 2024, this court held a motion conference with the parties' counsel.

**160557/2016   AULL, LISA ANN vs. NEW YORK CITY TRANSIT**
**Motion No.  004**

Page 2 of 6

2 of 6

## DISCUSSION

Plaintiff's Motion to Strike Defendants' Answer

Plaintiff moves to strike defendants' answer due to their failure to comply with Justice Silvera's directive and with plaintiff's demand for discovery and inspection dated November 2, 2023 (*see* NYSCEF Doc. No. 73).

Defendants do not dispute that IME reports have not been provided. Rather, defendants' counsel argues that the reports from Dr. Krellerman and Dr. Weitzner were not exchanged because these doctors were waiting to review medical records for which plaintiff had not yet provided any authorizations (*see* affirmation of defendants' counsel ¶¶ 2-4).

To the extent that plaintiff seeks a sanction for non-compliance with Justice Silvera's directive, it appears that the directive was oral, as there was no copy of any written order or transcript of the directive that was submitted with plaintiff's motion. However, orders must be reduced to a signed writing (CPLR 2219; *Charalabidis v Elnagar*, 188 AD3d 44, 47 [2d Dept 2020]), and an order becomes effective on the date of entry (*Foley v Fitzpatrick Container Co.*, 267 AD2d 637, 638 [3d Dept 1999]). Defendants cannot be sanctioned for the failure to comply with an order that was never issued (*see* 6 Carmody-Wait 2d § 36:107 ["an oral directive from the court cannot furnish the basis for a preclusion order"]).

To the extent that plaintiff seeks a sanction for defendants' failure to comply with the post-note of issue discovery demand, "plaintiff waived his right to seek discovery sanctions under CPLR 3126 by filing the note of issue and certifying that all discovery was complete without reserving any rights or objections" (*Flowers v 73rd Townhouse, LLC*, 227 AD3d 568 [1st Dept 2024]).

Notwithstanding the above, the court grants plaintiff's application to compel defendants to provide their IMEs reports and produce the "raw data" from plaintiff's neuropsychological examination—i.e., the plaintiff's responses to any cognitive tests and any other tests administered during the neuropsychological examination (*M.A. v Spring*, 221 AD3d 433 [1st Dept 2023]; *Drago v Tishman Const. Corp. of New York*, 4 Misc 3d 354, 357 [Sup Ct, NY County 2004]). The order is necessary to prevent substantial prejudice to plaintiff at trial due to any surprise. Defendants are directed to provide the IME reports along with the raw data to plaintiff within 30 days. Defendants' failure to comply may be raised as an application before the assigned trial judge for preclusion of the testimony of defendants' neuropsychological expert, and any other experts whose IME report was not exchanged.

**160557/2016   AULL, LISA ANN vs. NEW YORK CITY TRANSIT**                    **Page 3 of 6**
**Motion No.  004**

3 of 6

[* 3]

<u>Defendants' Cross Motion for an Order of Preclusion and other related relief</u>

Defendants cross-move for an order precluding plaintiff from offering testimony on the issue of damages, an order striking the note of issue, and an order compelling plaintiff to appear for further EBTs and IMEs.

The branch of defendants' cross motion to vacate the note of issue is denied.

Defendants failed to timely move to vacate the note of issue, and defendants have not demonstrated unusual or unanticipated circumstances to warrant additional discovery. The discovery sought arose from an ISO search which defendants could have easily conducted before the note of issue of was filed in 2019. Defendants' counsel offers no explanation why a demand based on the search was made two years after the note of issue was filed. Vacating the note of issue would reward defendants' lack of diligence and delay the trial.

The branch of defendants' motion for an order of preclusion is denied.

Defendants seek to preclude plaintiff from offering testimony on the issue of damages because plaintiff did not provide, among other things, authorizations for the release of medical records from various providers, set forth in defendants' demand for discovery and inspection dated November 15, 2023 (*see* defendants' Exhibit H [NYSCEF Doc. No. 95]). At the motion conference on July 11, 2024, it was undisputed that plaintiff had provided authorizations for the providers which defendants demanded, but the authorizations were limited in time period from the date of the incident in this action going forward, which would therefore be inadequate for the release of records of prior treatment to the body parts allegedly injured on June 29, 2016.

Thus, plaintiff's counsel agreed: (1) to provide unrestricted authorizations for McAlister's entire record and courtesy copies of the record within 14 days; and (2) to provide unrestricted authorizations for all providers contained in defendants' demand for discovery and inspection dated November 15, 2023, regarding all prior treatment records within 14 days. Thus, plaintiff and defendants have partially resolved the basis for the branch of defendants' motion seeking an order of preclusion.

The branch of defendants' motion for an order compelling plaintiff to provide discovery is therefore denied.

The remaining discovery sought which was not resolved involves the issue of whether plaintiff should be compelled to appear for an additional EBT or IMEs.

"Generally, the failure to move to vacate a note of issue and certificate of readiness within 20 days of service constitutes a waiver of the right to conduct a subsequent physical examination, absent a showing of special circumstances or adequate reason for the delay. Nevertheless, in certain

**160557/2016   AULL, LISA ANN vs. NEW YORK CITY TRANSIT**
**Motion No.  004**

Page 4 of 6

4 of 6

circumstances where no prejudice would result, a party may be relieved of its waiver" (*Dominguez v Manhattan and Bronx Surface Tr. Operating Auth.*, 168 AD2d 376, 376 [1st Dept 1990] [internal citation omitted]).

On this record, defendants have not demonstrated that they should be relieved of the waiver of any right to conduct an additional EBT or IMEs. First, it is not known at this time whether defendants would, in fact, learn of any new information from the forthcoming medical records that would actually merit a further EBT or additional IMEs. Second, defendants have not demonstrated that plaintiff would not be prejudiced.

In this court's view, the fact that additional medical records have yet to be received from plaintiff's providers does not, in itself, justify an additional IMEs. The possibility that Dr. Krellerman and Dr. Weitzner might want to conduct an additional IME is not sufficient to order plaintiff to appear for additional IMEs at this time. Inasmuch as no reports have been exchanged, it is equally plausible that Dr. Krellerman and Dr. Weitzner could take into account the additional information and their own observations of plaintiff from the examination in formulating their conclusions.

Similarly, that defendants' counsel could learn of something in the additional medical records to ask plaintiff at an EBT is speculative.

Finally, according to the Supreme Court's case management records, this matter is scheduled for an appearance in Part 40 on September 12, 2024 at 2:30 p.m. This court has informed the parties' counsel that because the note of issue is not vacated, it is possible that the records from the authorizations that plaintiff will provide in 14 days will not be received before the parties might have to proceed to trial. No adjournment or the stay of the trial is granted here due to the outstanding discovery.

Additionally, it is possible that the trial judge could preclude defendants' experts because no IME reports were exchanged (*see Scannapieco v New York City Tr. Auth.*, 200 AD2d 410, 413 [1st Dept 1994]). Thus, should defendants decide to wait to exchange IME reports until receipt of any additional medical records, that decision would be made at defendants' peril.

## CONCLUSION

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion to strike defendants' answer due to their failure to comply with an oral directive to provide discovery is **DENIED**; and it is further

**ORDERED** that defendants are directed to provide all IME reports and the "raw data" from the neuropsychological examination (i.e., the plaintiff's responses to any cognitive tests and any other tests administered during the neuropsychological examination) within 30 days; and it is further

**160557/2016   AULL, LISA ANN vs. NEW YORK CITY TRANSIT**
**Motion No.  004**

Page 5 of 6

5 of 6

**ORDERED** that defendants' cross motion an order precluding plaintiff from offering testimony on the issue of damages, an order striking the note of issue, and an order compelling plaintiff to appear for further EBTs and IMEs is **DENIED**.

20240722125556RTSAIB20495DCBF1246BA8DB6408106116808

| **7/22/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **RICHARD TSAI, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| **MOTION** | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **CROSS MOTION** | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160557/2016   AULL, LISA ANN vs. NEW YORK CITY TRANSIT**
**Motion No.  004**

Page 6 of 6

[* 6]